[324]    *CORNELIUS MERSHON, RESPONDENT, *v.* AN-
DREW RANDALL, APPELLANT.

PLEADING SUFFICIENCY OF COMPLAINT.—A declaration is insufficient, which alleges
an indebtedness and sets forth an account, but does not allege the sale or deliv-
ery of the articles to the defendant, nor show in what place or in what manner
the indebtedness accrued, whether on account of the defendant, or that of
another.

APPEAL from the Seventh Judicial District.

The complaint in this action is in the following words:

"Cornelius Mershon, the plaintiff in the above entitled
cause, complains against Andrew Randall, defendant, both
residents of the County of Marin, in the State of California,
and says, that the defendant is justly and truly indebted to
the plaintiff in the sum of twenty-one hundred and eighty-
three dollars and forty-six cents, according to the following
account, to wit:

Defendant Dr. to Plaintiff.

| | | |
|---|---|---|
| 1852. | | |
| September 10th, to 5,400 lbs Barley, at 3 cts. | $162 | 00 |
| To Cash, - - - - - - - | 85 | 00 |
| 1853. | | |
| March 1st, to 21,218¾ lbs Potatoes, at 9 cents, | 1909 | 68¾ |
| To one Bridle, - - - - - - | 3 | 00 |
| To one Boat, - - - - - - - | 20 | 00 |
| To 21 sacks Gunny Bags, at 18 cts. ea. | 3 | 78 |
| | $2,183 | 46¾ |

Which is hereby prayed to be made a part of this com-
plaint, and the said defendant, though often requested to pay
the same, hath refused and still refuses to pay the same or
any part thereof; wherefore, the said plaintiff prays this
Honorable Court, that the said defendant be ordered

adjudged and * decreed to pay to the said plaintiff  [325]
the sum of twenty-one hundred and eighty-three dol-
lars and forty-six cents, with costs of suit, and that plaintiff
may have such other and further relief as to law and justice
shall appertain in the premises."

The defendant demurred to the complaint, and specified
the following causes of demurrer:

1st. There is no cause of action expressed in said com-
plaint.

2d. The complaint does not mention that the goods were
sold and delivered to the plaintiff.

3d. It does not appear from the complaint, whether it is
an action of debt, trespass, *assumpsit,* or trover.

4th. It does not appear whether the defendant bought
the goods, or whether he found them, or took them forcibly,
or whether they were furnished to some other person, at his
request.

5th. There is no time and place mentioned at which the
defendant was indebted to the plaintiff.

The Court overruled the demurrer, and defendant ap-
pealed.

*William Skidmore,* for Appellant.

*John Currey,* for Respondent.

The complaint sets forth a substantial cause of action in
ordinary and concise language. (Practice Act of 1851, §
39.) In the construction of a pleading for the purpose of
determining its effects, its allegations shall be liberally
construed with a view to substantial justice between the
parties. (Prac. Act, § 70.) In an action of this kind, the
plaintiff's statement is sufficient, if it specifies the general
nature of the account, as, that the defendant is indebted to
the plaintiff in a specified sum, for goods, etc., so as to dis-
tinguish it from any other demand of like nature. (7
Legal Observer, 315.) If the cause of action be so far
identified, that a recovery thereon would be a bar to every

future attempt to enforce the same demand again, it is suffi-
cient. (*Bond* v *Patterson*, 1 Blackf. 38.)   This was so held
in Indiana under a statute similar in its provisions to the
second sub-division of § 39 of our Practice Act.   (Van
Santvoord's Pleadings, 145, note.)   In the complaint in this
case, it is alleged that the defendant is indebted to
[326] plaintiff, * specifying the sum according to an ac-
count therein set forth.   This account is in ordinary
and concise language; it is in mercantile language, the dates
are given, also the amounts and prices.   The account set
forth in the complaint shows who is debtor and who is cred-
itor, and for what and when the demand accrued.

Mr. Ch. J. MURRAY delivered the opinion of the Court.
Mr. Justice HEYDENFELDT and Mr. J. WELLS concurred.

We are of opinion that the declaration in this case is
insufficient to sustain an action.

It alleges an indebtedness and sets forth an account of the
articles and their prices, but does not allege the sale or de-
livery of said articles to the defendant, further than the same
may be inferred from the account.   It is not shown at what
place, or in what manner the indebtedness accrued, whether
on account of the defendant, or that of another.

We are not disposed to encourage any nice or technical
rules of pleading, but at the same time, we desire something
like certainty, and that the "Bar" would conform, as near
as possible, to the requirements of the statute.

The judgment of the Court below is reversed, with leave
to the plaintiff to amend his declaration.